1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   BILLY M. FELLS,                          Case No.  15-cv-01390-JD

8                    Petitioner,
                                             **ORDER DENYING PETITION
9        v.                                  FOR WRIT OF HABEAS CORPUS
                                             AND DENYING CERTIFICATE
10  ELVIN VALENZUELA,                        OF APPEALABILITY**

11                   Respondent.

12

13          Billy Fells, a pro se state prisoner, has brought a habeas petition pursuant to 28 U.S.C. §

14  2254.  The Court ordered respondent to show cause why the writ should not be granted.

15  Respondent filed an answer and a memorandum of points and authorities in support of it, and

16  lodged exhibits with the Court.  The petition is denied.

17                                     **BACKGROUND**

18          Fells pled no contest to three counts of forcible rape and two counts of robbery in

19  exchange for a 20-year sentence.  Clerk's Transcript ("CT") at 302-03.  Fells had a prior strike, a

20  prior serious felony conviction, and had served four prior prison terms.  CT at 262-66.  The trial

21  court sentenced him to 20 years pursuant to the agreement.   CT at 320-21.  The California Court

22  of Appeal affirmed the conviction.  Answer, Ex. 6.  Fells did not seek review in the California

23  Supreme Court.  Fells did file habeas petitions in state court which were all denied.  Answer, Exs.

24  8-11.  The underlying facts of the crimes are not relevant to the claims in the petition.

25                                   **STANDARD OF REVIEW**

26          A district court may not grant a petition challenging a state conviction or sentence on the

27  basis of a claim that was reviewed on the merits in state court unless the state court's adjudication

28  of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable

United States District Court
Northern District of California

United States District Court
Northern District of California

1    application of, clearly established Federal law, as determined by the Supreme Court of the United

2    States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in

3    light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The first

4    prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*,

5    529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual

6    determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

7          A state court decision is "contrary to" Supreme Court authority only if "the state court

8    arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

9    the state court decides a case differently than [the Supreme] Court has on a set of materially

10   indistinguishable facts."  *Williams*, 529 U.S. at 412-13.  A state court decision is an "unreasonable

11   application of" Supreme Court authority if it correctly identifies the governing legal principle from

12   the Supreme Court's decisions but "unreasonably applies that principle to the facts of the

13   prisoner's case."  *Id.* at 413.  The federal court on habeas review may not issue the writ "simply

14   because that court concludes in its independent judgment that the relevant state-court decision

15   applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.  Rather, the

16   application must be "objectively unreasonable" to support granting the writ.  *Id.* at 409.

17         Under Section 2254(d)(2), a state court decision "based on a factual determination will not

18   be overturned on factual grounds unless objectively unreasonable in light of the evidence

19   presented in the state-court proceeding."  *See Miller-El*, 537 U.S. at 340; *see also Torres v.*

20   *Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).  In conducting its analysis, the federal court must

21   presume the correctness of the state court's factual findings, and the petitioner bears the burden of

22   rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

23         The state court decision to which § 2254(d) applies is the "last reasoned decision" of the

24   state court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d

25   1085, 1091-92 (9th Cir. 2005).  When there is no reasoned opinion from the highest state court to

26   consider the petitioner's claims, the Court looks to the last reasoned opinion.  *See Nunnemaker* at

27   801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).  The standard of review

28   under AEDPA is somewhat different where the state court gives no reasoned explanation of its

decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim. In such a case, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). When confronted with such a decision, a federal court should conduct an independent review of the record to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law. *Himes*, 336 F.3d at 853; *Delgado*, 223 F.3d at 982.

As grounds for federal habeas relief, Fells alleges that: (1) trial counsel was ineffective because he miscalculated the potential maximum sentence for Fells' crimes; and (2) the trial court erred in failing to hold a hearing on Fells' mental competency and trial counsel was ineffective for not more thoroughly investigating Fells' competency.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

**Legal Standard**

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id*.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

The decision whether or not to accept a plea offer is a critical stage of the prosecution to which the Sixth Amendment right to counsel attaches. *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002). Therefore, the two-part test of *Strickland* applies to counsel's ineffective assistance in

United States District Court
Northern District of California

advising a defendant to accept or reject a plea offer.  *See Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985); *Nunes v. Mueller*, 350 F.3d 1045, 1051-53 (9th Cir. 2003) (rejecting attempt to limit *Hill* to acceptance of plea offer).  In light of the complexity and uncertainties that attend plea bargaining, it is especially essential that the habeas court respect the latitude for counsel's judgment that *Strickland* requires.  *See Premo v. Moore*, 562 U.S. 115, 125 (2011) (9th Circuit erred in concluding trial counsel engaged in deficient performance by not moving to exclude a confession before advising client to take a plea bargain early in the proceedings).

Erroneous advice about the consequences of a guilty plea is insufficient to establish ineffective assistance; petitioner must establish a "'gross mischaracterization of the likely outcome' of a plea bargain 'combined with . . . erroneous advice on the probable effects of going to trial.'"  *Sophanthavong v. Palmateer*, 378 F.3d 859, 868 (9th Cir. 2004) (omission in original) (citing *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990)).

**Discussion**

This claim was denied by the California Supreme Court without a reasoned opinion.  This Court has conducted an independent review of the record to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law.  *Himes*, 336 F.3d at 853; *Delgado*, 223 F.3d at 982.

On February 25, 2013, while Fells was present in court, the prosecutor briefly described the maximum exposure that Fells was facing:

> The indeterminate term, the maximum exposure, if all counts and enhancements are found, would be 97 to life.

> The determinate term, if again all counts and clauses were found along with his strike prior and prison priors, would be 23 years at 85 percent.

Reporter's Transcript ("RT") at 1-2.

The prosecutor also noted that the last offer extended to Fells was for him to plead to three counts of rape and a violation of Penal Code section 261 for three fully consecutive terms of eight years for a total of 24 years at 85 percent.  *Id.* at 2.  The trial court asked Fells about the offer, and he stated that he rejected it.  *Id.* at 2-3.

United States District Court
Northern District of California

4

Two days later, during jury selection and while Fells was present, the prosecutor provided a more detailed description of Fells' maximum exposure in the case. *Id*. at 131. The prosecutor concluded that there was a potential indeterminate sentence of 117 years to life and a potential 13-year determinate term. *Id*. at 131-34. The trial court concurred with the assessment. *Id*. at 134-35.

There was a discussion of a plea on the record with the trial court on the morning of March 6, 2013, in the presence of Fells. Trial counsel stated that Fells believed there had been an offer of 13 years in prison with half-time credits, but trial counsel did not recall that occurring. *Id*. at 141. The trial court recounted to Fells the history of plea negotiations. *Id*. at 142-43. Prior to the preliminary hearing the prosecution offered a sentence of 19 years and, while the defense had provided a counteroffer of 13 years, the prosecution had rejected it and not offered 13 years. *Id*. at 142. After the preliminary hearing, the prosecution offered a plea of 24 years, but the defense declined it. *Id*. There was no discussion of half-time credits and all discussions of a plea required Fells serving 85 percent because the offenses were serious violent felonies. *Id*.

In the afternoon of March 6, 2013, the trial court informed trial counsel and Fells that the prosecution was prepared to offer a negotiated disposition that would total 19 years in state prison for Fells to plead to the three rape counts. *Id*. at 145. Trial counsel was speaking when Fells interrupted and stated, "I will take it right now. Right now." *Id*. at 146. Trial counsel told Fells that as an alternative, he could plead guilty to the two robberies and three counts of sexual battery and serve 22 years. *Id*. Trial counsel told Fells that these were his only options or proceeding to trial. *Id*. A short discussion occurred off the record and the jury selection continued. *Id*. at 48. The jury was selected, and the prosecutor indicated that any offers for settlement were being withdrawn. *Id*. at 149. Court was adjourned for the day, and opening statements for trial were set for the following day. *Id*. at 150-51.

The next day, March 7, 2013, the parties, with Fells present, informed the trial court that an agreement had been reached. *Id*. at 152. All of the details were stated on the record including that Fells would plead guilty to several counts and be sentenced to 20 years in prison. *Id*. at 152-56. Fells indicated that he understood the plea, and the trial court conducted the plea colloquy. *Id*. at

1   156-57.  Fells repeatedly indicated that he understood.  *Id*. at 156-63.  Fells also signed, initialed,

2   and dated a waiver on a plea form that repeatedly stated it would be a 20-year prison term.  CT at

3   297-98.

4         The California Supreme Court found that trial counsel did not provide ineffective

5   assistance by miscalculating the maximum sentence.  The California Supreme Court found that

6   trial counsel was not deficient and there was no prejudice.  These findings were not objectively

7   unreasonable.  Fells was aware of the prosecutors first informal calculation of the maximum

8   sentence which was an indeterminate term of 97 years to life and a determinate term of 23 years.

9   The prosecutor provided a more comprehensive review of the charges which carried a maximum

10   indeterminate sentence of 117 years to life and a potential 13-year determinate term.  The trial

11   court concurred with this calculation.  Fells does not state what trial counsel calculated that was

12   allegedly incorrect, but even if trial counsel miscalculated the maximum, Fells was aware of the

13   sentence based on the discussions with the prosecution and trial court.  Fells has not shown

14   deficient performance or prejudice.

15         Nor was there a miscalculation in the plea deal.  The parties, including Fells, discussed at

16   length with the trial court the final offer and the 20-year prison term.  Fells indicated that he

17   agreed and understood the ramifications of the deal.  The trial court then performed the plea

18   colloquy with Fells, who indicated he understood.  There was also a written plea form that

19   outlined the terms and the 20-year prison term.

20         Because there was an agreed upon 20-year prison term, Fells has failed to show or evenly

21   sufficiently articulate how trial counsel was ineffective with respect to calculating the sentence.

22   The prosecutor, trial counsel, trial court, and Fells agreed that 20 years would be the prison term.

23   Fells has failed to show that the state court decision denying this claim was an unreasonable

24   application of Supreme Court authority or an unreasonable determination of the facts.  This claim

25   is denied.

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPETENCY**

Fells contends that the trial court erred in failing to hold a hearing on his mental competency and that trial counsel was ineffective for not conducting a more thorough investigation of Fells' competency.

**Legal Standard**

Due process requires a trial court to order a psychiatric evaluation or conduct a competency hearing sua sponte if the court has a good faith doubt concerning the defendant's competence. *Pate v. Robinson*, 383 U.S. 375, 385 (1966). To be competent to stand trial, a defendant must have (1) "a rational as well as factual understanding of the proceedings against him," and (2) "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam). The standard for determining competence to plead guilty is the same as that used to determine competence to stand trial. *Godinez v. Moran*, 509 U.S. 389, 397-402 (1993).

Where the evidence before the trial court raises a bona fide doubt as to a defendant's competence to stand trial, the judge on his own motion must conduct a competency hearing. *Pate*, 383 U.S. at 385. Evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, and one of the factors standing alone may, in some circumstances, be sufficient. *Drope v. Missouri*, 420 U.S. 162, 180 (1975). A lawyer's representation concerning the competence of his client also should be considered, as defense counsel will often have the best-informed view of the defendant's ability to participate in his defense. *See Medina v. California*, 505 U.S. 437, 450 (1992).

A state court's finding of competency to stand trial (as well as to plead guilty) is presumed correct if fairly supported by the record. *Deere v. Cullen*, 718 F.3d 1124, 1145 (9th Cir. 2013). No formal evidentiary or competency hearing is required for the presumption to apply. *Id*. at 1144-45. Petitioner must come forward with clear and convincing evidence to rebut the presumption. *Id*. at 1145.

The Supreme Court has not determined the particular nature or quantum of evidence necessary to trigger a competency hearing. *Drope*, 420 U.S. at 172. "There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Id.* at 180. In reviewing a claim of error resulting from the state court's failure to hold a competency hearing, a federal habeas court may consider only the evidence that was before the trial judge. *Maxwell v. Roe*, 606 F.3d 561, 566, 568 (9th Cir. 2010).

**Background**

On October 29, 2012, Fells was referred to two psychologists for the purpose of evaluating his competency to stand trial. CT at 353. The two psychologists reviewed Fells' mental health records and interviewed him. CT at 353-54, 368. The psychologists submitted reports in December 2012, and both found that Fells was competent to stand trial. CT at 359, 371. He pled no contest three months later.

Fells raised this claim in a supplemental brief on direct appeal to the California Court of Appeal. The California Court of Appeal set forth the background and denied this claim:

> Were we to address the claims raised in appellant's supplemental brief, we would reject them as unsupported by the record. At the hearing on appellant's third *Marsden* motion, appellant claimed he suffered from "mental depression" and wanted to move to withdraw the plea because he "didn't have clear judgment because of mental illness issues . . . he wasn't thinking right, and that there were voices in his head saying that he needed to take the deal." At that same *Marsden* hearing, appellant also complained about trial counsel's "failure to pursue a competency proceeding." In response, trial counsel stated he investigated appellant's claims and obtained appellant's medical records, which did not contain "anything that would indicate that Mr. Fells was incompetent; that he didn't understand what was going on; that he was complaining of hallucinations[.]" As trial counsel explained, appellant's medical records indicated jail personnel were "concerned that he might be either faking or exaggerating some of his symptoms, and that comes particularly after the change of plea." Trial counsel also noted appellant did not raise the competency issue until after his change of plea. As counsel noted, "Mr. Fells wanted to proceed to jury trial on the issue of guilt or innocence in this case as fast as possible and did not want to have anything delay[ing] that for any reason. [¶] And Mr. Fells did not ask for a competency trial, and something came up for the first time after his change of plea." At the conclusion of the hearing, the court determined there was no ineffective assistance of counsel.

United States District Court
Northern District of California

1  *People v. Fells*, No. A139277, 2014 WL 982705, at *1 n.2 (Cal. Ct. App. March 13, 2014)

2  (alterations and omission in original).

3        Fells did not seek review in the California Supreme Court.  He raised this claim again in a

4  state habeas petition in the Alameda County Superior Court.  Answer, Ex. 8.  The superior court

5  denied the claim as procedurally barred pursuant to *In re Harris*, 5 Cal. 4th 813, 829 (1993) and *In*

6  *re Dixon*, 41 Cal. 2d 756, 759 (1953).  Answer, Ex. 9.  These citations noted that habeas relief is

7  not available for claims that could have been raised on direct appeal.  *Id*.  The superior court also

8  denied the claim alternatively on the merits stating, "[i]n any event, even if the claims were not

9  procedurally barred they would be denied for failure to state a prima facie case for relief."  *Id*.

10  The state habeas petition to the California Supreme Court was denied without comment or

11  citation.  Answer, Ex. 11.

12        **Discussion**

13        Respondent first argues that this claim is procedurally barred pursuant to the state court's

14  citations to *Dixon* and *Harris*.  Though, respondent acknowledges that *Dixon* was found by the

15  Ninth Circuit to be inadequate and did not bar federal habeas review.  *Lee v. Jacquez*, 788 F.3d

16  1124, 1133-34 (9th Cir. 2015).  Respondent also argues that the claims fail on the merits and notes

17  that the superior court alternatively denied the claim on the merits and the California Supreme

18  Court denial is assumed to have denied the claim for the same reasons.  *See Nunnemaker*, 501 U.S.

19  at 803-04.  AEDPA deference applies to this alternative holding on the merits.  *See Clabourne v.*

20  *Ryan*, 745 F.3d 362, 383 (9th Cir. 2014) *overruled on other grounds*; *Rolan v. Coleman*, 680 F.3d

21  311, 320 (3d Cir. 2012); *Stephens v. Branker*, 570 F.3d 198, 208 (4th Cir. 2009).  The Court will

22  therefore look to the merits of the claim.

23        Fells argues that the trial court failed to hold a competency hearing.  The record before this

24  Court does not indicate who requested the referral to the psychologists, whether Fells was seeking

25  a finding of incompetency, whether there was any type of hearing or whether the reports from the

26  psychologists were just submitted to the court and parties, or whether Fells requested a formal

27  hearing that was denied.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   It is undisputed that two psychologists reviewed Fells' mental health records and

2   interviewed him.  They both concluded that Fells was competent to stand trial.  The case

3   proceeded and resulted in a plea several months later.  The state court found that there was no

4   error in Fells being found competent based on the psychologists reports and no error in failing to

5   hold a hearing.  These findings were not an unreasonable application of Supreme Court authority

6   or an unreasonable determination of the facts.

7   Fells has failed to present sufficient evidence to show that he was not competent and that

8   the failure to hold a formal hearing was an error.  He simply states that he has various mental

9   disorders.  This is insufficient to obtain habeas relief.  *See James v. Borg*, 24 F.3d 20, 26 (9th Cir.

10  1994) ("Conclusory allegations which are not supported by a statement of specific facts do not

11  warrant habeas relief.").  Both psychologists discussed Fell's mental health history and his mental

12  disorders but still found him competent.  Fells is not incompetent simply because he has mental

13  disorders.  The question "is not whether mental illness substantially affects a *decision*, but whether

14  a mental disease, disorder or defect substantially affects the prisoner's *capacity* to appreciate his

15  options and make a rational choice."  *Dennis v. Budge,* 378 F.3d 880, 890 (9th Cir. 2004).  A

16  review of the record does not indicate any problems with Fells capacity to understand his options

17  and make a decision.  The discussions Fells had on the record with the trial court regarding the

18  plea negotiation history and his eventual plea do not indicate any issue with his ability to

19  understand the proceedings and to understand his options.  The trial court's finding of competency

20  is presumed correct and the presumption applies even if there was no formal hearing.  *Deere*, 718

21  F.3d at 1145.  Fells has failed to present clear and convincing evidence to rebut the presumption.

22  *See Id*. at 1145.  This claim is denied.

23  Fells also argues that trial counsel was ineffective for not conducting a more thorough

24  investigation of Fells' competency.  Fells only states that trial counsel lacked diligence and was

25  ignorant of the facts while investigating Fells' mental health history.  During a hearing with the

26  trial court, trial counsel discussed his actions regarding the issue of Fell's competency.  Trial

27  counsel investigated the claims and obtained Fells' medical records and found no indication that

28  Fells' was not competent to stand trial.  Trial counsel noted that Fells' allegations of incompetency

10

1    were only raised after the change of plea when Fells moved to withdraw the plea.[1]

2            The state court found that trial counsel was not ineffective, and Fells has not shown that

3    this conclusion was objectively unreasonable.  He does not describe what other actions trial

4    counsel should have done or what other evidence could have been discovered to support an

5    argument that he was incompetent.  Fells has not shown that trial counsel was deficient based on

6    the investigation he performed of Fells' competency and by relying on the opinions of the

7    psychologists.  Nor has he demonstrated prejudice.  *See Bible v. Ryan*, 571 F.3d 860, 871 (9th Cir.

8    2009) (where petitioner contended he might have some type of organic brain dysfunction or

9    disorder but offered no expert declaration that he in fact suffered from it, "[t]his speculation is not

10   sufficient to establish prejudice"); *Gonzalez v. Knowles*, 515 F.3d 1006, 1015-16 (9th Cir. 2008)

11   ("As to the failure to investigate mental health mitigation, Gonzalez does not contend that he

12   actually suffered from a mental illness; he merely argues that *if* tests had been done, and *if* they

13   had shown evidence of some brain damage or trauma, it *might have* resulted in a lower sentence.

14   Such speculation is plainly insufficient to establish prejudice,"); *Williams v. Woodford*, 384 F.3d

15   567, 611 (9th Cir. 2004) (given that mental-health experts evaluation of defendant did not support

16   a mental-state defense, counsel's decision not to investigate further or ultimately pursue the

17   defense was a reasonable strategic choice).  Fells has failed to demonstrate that the denial of this

18   claim by the state court was objectively unreasonable.  The claim is denied.

19                            **CERTIFICATE OF APPEALABILITY**

20           The federal rules governing habeas cases brought by state prisoners require a district court

21   that issues an order denying a habeas petition to either grant or deny therein a certificate of

22   appealability.  *See* Rules Governing § 2254 Cases, Rule 11(a).

23           A judge shall grant a certificate of appealability "only if the applicant has made a

24   substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the

25   certificate must indicate which issues satisfy this standard.  *Id.* § 2253(c)(3).  "Where a district

26   court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c)

27

28   _____

[1] Two months after the plea, Fells' filed a motion to withdraw the plea.  RT at 168-69.  The motion was denied.  *Fells*, 2014 WL 982705, at *1.

United States District Court
Northern District of California

1   is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district

2   court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

3   473, 484 (2000).

4       Here, petitioner has made no showing warranting a certificate and so none is granted.

5                                         **CONCLUSION**

6       For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.  A Certificate

7   of Appealability is **DENIED**.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

8       **IT IS SO ORDERED.**

9   Dated:  June 6, 2016

10

11   _____

12   JAMES DONATO
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

BILLY M. FELLS,

              Plaintiff,

    v.

ELVIN VALENZUELA,

             Defendant.

Case No.  15-cv-01390-JD

**CERTIFICATE OF SERVICE**

9

10

11

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

12

13

14

15

16

      That on June 6, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

17

18

19

Billy M. Fells ID: AP9036
California Men's Colony
P.O. Box 8103
San Luis Obispo, CA 93409

20

21

Dated: June 6, 2016

22

23

24

Susan Y. Soong
Clerk, United States District Court

25

26

27

By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

28

United States District Court
Northern District of California